Le Delta A. Bostwick, Respondent, *v.* Emily P. Beach et al., Appellants.

Where specific performance of a contract for the sale of land is decreed, the court will, so far as possible, place the parties in the same position they would have been in if the contract had been performed at the

· time agreed upon. The vendor is regarded as trustee of the land for the benefit of the purchaser and liable to account to him for the rents and profits or for the value of the use and occupation, and the purchaser, as trustee of the purchase-money unpaid and chargeable with interest thereon, unless it has been appropriated and no benefit has accrued to him from it.

So, also, where the property has deteriorated because of mismanagement and neglect on the part of the vendor, he is chargeable with the damages so caused.

(Argued April 19, 1887; decided April 26, 1887.)

THIS was a motion to amend the remittitur in this action by charging plaintiff with interest on the unpaid purchase-money.

The action was for a specific performance of a contract for the sale of land. It is reported in 103 New York, 414.

The following is the *mem.* of opinion:

"When this case was before us on the appeal from the interlocutory judgment, it appeared from the findings that the unpaid portion of the purchase-money ($10,500) had been tendered to the executors on the 1st of March, 1882, and that on their refusal to accept the same and deliver the deed, that sum had been deposited by the plaintiff in the First National Bank of Lowville to the credit of the executors, to be paid to them on the delivery of the deed. There was nothing to show that after that deposit the plaintiff had derived any benefit from the use of the fund, and presumptively it had lain idle and unproductive. Therefore the purchaser was not charged with interest on the purchase-money.

"It is now shown by affidavits that, shortly after this deposit, the fund was wholly or in part withdrawn from the bank by the plaintiff, and we are now asked to add to the modifications directed in the opinion, a further provision charging the plaintiff with interest on the amount so withdrawn.

"If the fact had appeared in the case when before us on appeal, this modification would doubtless have been proper, and even now we might find means to make it, if no other facts were shown on the part of the plaintiff raising a counter equity.

" But in opposition to the application of the defendants the plaintiff presents affidavits showing that during the pendency of this action, in consequence of neglect and mismanagement on the part of the defendants, the ditches on the premises have been allowed to be filled up, the buildings to become dilapidated, the water-works to go to decay, the fences to be destroyed, and the value of the property to be thus depreciated to an amount exceeding the interest on the unpaid purchase-money.

" If these facts had appeared they undoubtedly would have influenced our judgment in respect to allowing interest upon the purchase-money, or making some other provision for compensating the plaintiff for the damages alleged to have been sustained.   Where specific performance is decreed the court will, so far as possible, place the parties in the same situation they would have been in if the contract had been performed at the time agreed upon, and by the application of the rule of courts of equity, by which things which ought to have been done are considered as having been done at the proper time, the vendor is regarded as trustee of the land for the benefit of the purchaser, and liable to account to him for the rents and profits, or for the value of the use and occupation, and the purchaser is treated as trustee of the purchase-money unpaid and charged with interest thereon, unless the purchase-money has been appropriated and no benefit has accrued from it to the purchaser.

" But this is not the only manner which the court has adopted to adjust the equities of the parties.   For instance, where the subject of the purchase was a lease-hold estate in a will, and the delay of performance of the contract was attributable to the vendor for his failure to show good right to assign his lease and dilapidations had occurred, he was charged with the expenses of repairs required to put the mill in tenantable condition, and of those which had been incurred for keeping up the machinery until the purchaser could prudently take possession.   And in *Ferguson* v. *Tadman* (1 Simons, 530), where the estate had deteriorated in value by reason of mismanagement and neglect during five years which elapsed between the filing of the bill for specific

performance and the decree, the amount of the deterioration, with interest, was ascertained and allowed to the plaintiff out of the purchase-money which had been paid into court.

"In *Worrall* v. *Munn* (38 N. Y. 137), these principles were recognized and the vendee, having obtained a decree for specific performance, was allowed the damages sustained during the pendency of the suit by deterioration from waste committed by the defendant during the pendency of the suit.

"If the matter should now be opened for the purpose of letting the defendants in to claim interest on the purchase money, it would be no more than just that the same indulgence should be extended to the plaintiff to let him in to prove the damages he claims by reason of deteriorations caused by mismanagement and neglect. These points appear to be the only ones as to which the parties have been unable to agree in settling the form of the judgment. From the affidavits presented, it would seem that the damages claimed by the plaintiff would about equal the interest claimed by the defendants, but if the judgment below is modified so as to admit the allowance of interest, it should also be modified so as to admit proof of the damages claimed.

"If the statements in the affidavits are correct, justice would apparently be done by leaving the matter as it is and confining the modifications of the interlocutory judgment to those directed in the original opinion of this court, which appears to be substantially contained in the modified judgment as proposed on the part of the plaintiff. The details, however, are subject to settlement in the Supreme Court. But if the defendants desire to insist upon their claim to be allowed interest and to contest the amount of damages resulting from deterioration and mismanagement, the modified judgment should contain provisions referring it to the referee to ascertain what amount of the sum deposited in the bank was withdrawn by the plaintiff, or subject to his control, and for what length of time, and charging him with interest thereon during that time. The amount of deterioration of the property by reason of mismanagement and neglect, between the 1st of March, 1882, and the time of plaintiff's obtaining possession should also be ascertained and charged,

either to the defendants, as executors, or to the defendant Emily P. Beach, as the equities may appear. She certainly has no reason to complain of any loss she may sustain through this litigation, as it appears to have been caused by her persistent refusal to carry out the contract, which, according to the findings of fact, was intelligently entered into by her, and was a fair contract for the full value of the farm and was beneficial to all concerned in the estate. By this unjustifiable refusal on her part all parties have been subjected to damage, and there is no reason why the loss should fall upon the plaintiff who seems to have been always ready to perform his part of the contract.

"It is to be hoped that upon the principles here indicated the counsel for the respective parties may be able to agree upon the form of judgment to be entered. Otherwise, it may be settled by the Supreme Court and the interlocutory judgment may be modified so as to provide for the ascertainment and allowance of the interest claimed by the defendants, and also of the damages claimed by the plaintiff, at the election of the defendants. If the defendants shall not consent to have the damages ascertained and allowed, the application for the allowance of interest is denied."

*C. D. Adams* for motion.

*A. H. Sawyer* opposed.

RAPALLO, J., reads opinion as above given.
All concur.
Ordered accordingly.