FANNIE FRUHAUF, Respondent, v. HENRY M. BENDHEIM, Appellant.

A deed is not essential to transfer the purchaser's interest in a contract for the sale of land; it will pass by assignment.

A husband may make a valid gift of such an interest to his wife and transfer to her a legal title thereto by a written assignment thereof.

A contract for the sale of land entered into by defendant with plaintiff's assignor, who was her husband, provided that the property should be conveyed subject to " existing tenancies," and subject to a lease to one T., "expiring May 1, 1889." In an action to recover back the amount paid and damages sustained through a breach of contract, it appeared that T. was in possession of a part of the premises under a written lease, for a term which expired May 1, 1889. The lease, however, contained a covenant for renewal for an additional term of two years. A deed of the premises was tendered, which plaintiff refused to accept on the ground of defect in the title. A verdict was directed for plaintiff. *Held*, no error; that the covenant of renewal in the lease to T. was one which ran with the land and so was enforceable against the grantee of the lessor, and constituted an incumbrance which justified the purchaser in refusing to take the title under the contract; that the word " existing tenancies" could not be construed as covering the lease in question in the face of the specification that such lease expired May 1, 1889, but should be considered as applicable to other tenancies.

(Argued June 24, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 9, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was to recover $1,000 paid by Jacob L. Fruhauf to the defendant upon a contract between them whereby the defendant agreed to convey to said Fruhauf by warranty deed certain real estate on Eighth avenue in the city of New York, and also to recover damages for the breach of said contract.

The deed was to have been delivered on August 3, 1886, and on August fourth Fruhauf, by an instrument in writing, sold and assigned said contract to the plaintiff, who was his wife. The time for the execution of the contract was extended

to August thirteenth, and on that day defendant failed to appear and performance upon his part was refused. Subsequently, on August seventeenth, defendant tendered a deed, but it was not accepted owing to alleged defects in the title.

By the agreement the property was to be conveyed subject to " existing tenancies, and subject to a lease to Claus Tibken, expiring May 1, 1889."

It appeared upon the trial that Tibken was in possession of a part of the premises under a written lease dated April 27, 1886, which lease contained a covenant for renewal for an additional term of two years.

It was admitted on the trial that Jacob L. Fruhauf paid defendant $1,000 under the terms of the contract at the time of its execution ; that the lease to Claus Tibken was still in force, unchanged in any respect, and that the reasonable expense of searching the title to the premises in question was $250, and that plaintiff had agreed to pay that amount.

The court directed a verdict for the plaintiff for $1,250 and interest, amounting in all to $1,343.75.

*Julius J. Frank* for appellant. The paper-writing, purporting to be an assignment by Jacob L. Fruhauf to plaintiff, was ineffectual and conferred no rights on plaintiff. (*Thomson* v. *Smith*, 63 N. Y. 303 ; *Hathaway* v. *Payne*, 34 id. 103 ; Laws of 1848, chap. 200, § 3; Laws of 1849, chap. 375 ; *White* v. *Wager*, 25 N. Y. 328; *Winans* v. *Peebles*, 32 id. 423 ; *Bertles* v. *Nunan*, 92 id. 152, 157 ; *Dean* v. *M. E. R. Co.*, 119 id. 540, 545 ; *Johnson* v. *Rogers*, 35 ·Hun, 269, 271 ; *Hawley* v. *James*, 5 Paige Ch. 453 ; Code Civ. Pro. §§ 2793, 2794.) Assuming the validity of the assignment to plaintiff, the privilege of renewal in the Tibken lease did not warrant the rejection of defendant's title. (*Clift* v. *White*, 12 N. Y. 527 ; *Hosford* v. *Ballard*, 39 id. 151 ; *Mitchell* v. *Reed*, 61 id. 135 ; *Phyfe* v. *Wardell*, 5 Paige, 268 ; 1 Washb. on Real Prop. 291 ; Gerard on Tit. 169 ; *Williamson* v. *Brown*, 15 N. Y. 354, 362; *Kingston Bank* v. *Eltinge*, 40 id. 391, 396 ; *Page* v. *McDonnell*, 55 id. 299 ; *Taylor* v. *Stibbert*, 2 Ves.

Opinion of the Court, per BROWN, J.

437; *Daniels* v. *Davison*, 16 id. 250; *James* v. *Lichfield*, L. R. [9 Eq.] 51; *Phillips* v. *Miller*, L. R. [9 C. P.] 196.) If plaintiff became possessed of the rights of Jacob L. Fruhauf under the contract she did not show full performance or offer thereof, or put defendant in default. (*Hubbell* v. *Von Schoening*, 49 N. Y. 331.) The fact that defendant was not present and did not make tender of deed on August thirteenth cannot be urged as a default in view of his subsequent tender on August seventeenth before action commenced. (*Hubbell* v. *Von Schoening*, 49 N. Y. 330; Code Civ. Pro. § 507; *Dobson* v. *Pearce*, 12 N. Y. 164, 165; *Hicks* v. *Sheppard*, 4 Lans. 337; *Cramer* v. *Benton*, Id. 293, 294; *Southwick* v. *F. N. Bank*, 84 N. Y. 420; *Day* v. *Town of New Lots*, 107 id. 148; *Romeyn* v. *Sickles*, 108 id. 650.) There was error in the rejection of testimony offered by defendant in view of his equitable defense of tender on August seventeenth. (*Johnson* v. *Oppenheim*, 55 N. Y. 291.)

*Lewis Sanders* for respondent A husband may give or convey to his wife, for love and affection, or for cash or otherwise, personal or real property, which will be good as against him and all the world, except such gift or conveyance be in fraud of existing creditors of the husband. The defendant, being debtor, has no right to inquire into the transfer from Jacob L. Fruhauf to the plaintiff, his wife. -(*Kelly* v. *Campbell*, 2 Abb. Ct. App. Dec. 494; *Hunt* v. *Johnson*, 44 N. Y. 27.) The assignment of the contract, so far as the suit is concerned, related to damages for a breach of contract only, and not a conveyance of land, and does not raise the question sought to be argued. Such assignment was valid. (*Seymour* v. *Fellows*, 77 N. Y. 178.)

BROWN, J. The covenant of renewal contained in Tibken's lease was one which ran with the land and was enforceable against the grantee of the lessor and constituted an encumbrance which justified the purchaser in refusing to take the title under the contract.

The argument that the term " existing tenancies " covered the Tibken lease cannot prevail in the face of the particular specification in the contract of that lease as expiring on May 1, 1889.

The case does not disclose what was intended to be covered by the expression " existing tenancies," but inasmuch as Tibken was the lessee of the store floor of the building only, it is sufficiently apparent that " existing tenancies " must have had reference to the occupants of the other portions of the building.

Such tenancies the purchaser agreed to accept, whatever their terms, but as to Tibken's lease, there was a definite agreement th t it expired May 1, 1889, and the purchaser was not obligated to take the property subject to a lease that might continue two years longer. By reason of the existence of the covenant to renew contained in that lease the vendor was unable to perform his contract according to its terms.

The objection that the assignment from Jacob Fruhauf to the plaintiff was void, was properly overruled.

Although a husband could not at common law contract with his wife, he could make her a valid gift of a chattel or of a chose in action. In equity the property given was treated as the wife's separate estate and the courts would protect her in its enjoyment even against her husband, and her title for the purpose of protecting her possession, was regarded as clothed with the incidents of a legal estate.

But, if as to gifts made before the enactment of the statutes of 1860 and 1862, her title was equitable only, under those statutes it ripened into a legal estate and vested the property in her. Separate ownership of property by the wife is now possible and she may take the legal title to personal property by a gift from her husband. (1 Parsons on Contracts, 345 ; 2 Kent's Com. 163 ; *Savage* v. *O'Neil,* 44 N. Y. 301 ; *Rawson* v. *Penn. R. R. Co.,* 48 id. 212; *Seymour* v. *Fellows,* 77 id. 178 ; *Armitage* v. *Mace,* 96 id. 538 ; *Whiton* v. *Snyder,* 88 id. 299.)

It is true that under a contract for the purchase of land, the

vendee's interest for many purposes is regarded as real estate, but the interest is an equitable one solely. The legal title remains in the vendor.

A deed is not essential to transfer the purchaser's interest in the contract. It will pass by assignment, and we see no objection to the gift of such an interest by a husband to his wife.

Upon the delivery of the contract and a proper assignment thereof, the rights existing in the purchaser thereunder passed to her.

No other exceptions require discussion.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.