## FOLAND v. ITALIAN SAVINGS BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   January 10, 1908.)

1. VENDOR AND PURCHASER—OBJECTIONS TO TITLE—LEASE.

    A lease for five years of premises contracted to be sold is such an incumbrance as justifies vendee in refusing to perform.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 252.]

2. SAME—REMEDIES OF VENDOR—FORFEITURE.

    A letter by vendor to vendee, written after the time fixed for closing title, that he must make an additional payment, otherwise vendor would offer the property for sale, was insufficient to constitute notice of the time and place of closing title, so as to make time of the essence and put vendee in default, since it fixed no definite time either for closing title or for payment of the additional sum.

Appeal from Trial Term, Queens County.

Action by John P. Foland, as trustee for Mary A. Brinckerhoff, against the Italian Savings Bank of the City of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

John Elton Wayland, for appellant.
Joseph Sapinsky, for respondent.

HOOKER, J.   The action is to recover from the contract vendor of certain real estate the amount paid upon the purchase at the time the contract was made, together with the expense of examining the title. The plaintiff has had a verdict, and the defendant appeals.

The plaintiff contends that the title was objectionable on account of a restriction to which the land was subject by reason of the provisions of early deeds; but the defendant insists that the failure to perform was not due to a claim of such restrictions, because the vendee never raised the question. A question of fact was presented as to whether this objection had been urged against the title, and the court has found with the plaintiff upon evidence which we think was sufficient. The court has also found that the closing of the title was adjourned by mutual consent and by various agreements until the 31st day of October, 1905, and that on or about the 28th day of October, 1905, the defendant leased the premises for a term of five years by a lease in writing to persons other than the plaintiff, which persons entered into possession of the premises in question and were in possession thereof on the 31st

of October, 1905, and the defendant did not and could not procure a surrender of the lease and possession of the premises. Some few months thereafter the defendant sold the premises to a third party, who is in no way connected with this litigation, and because of that we do not think it necessary to discuss the legal questions presented by the restrictions in the old deeds, especially in view of the fact that the judgment may be affirmed on another ground.

The plaintiff's witness Brinckerhoff testified positively that the closing of the title was adjourned from time to time from the 15th day of May, 1905, the date mentioned in the contract, until the 30th or 31st day of October, the vendee objecting from time to time on account of the restriction, and thus the matter rested on the 31st of October; but the defendant deliberately put it out of its power to convey the fee without incumbrance by reason of the lease for a term of five years. This was certainly a valid objection to the title, and was sufficient to justify the vendee in refusing to perform. The defendant asserts, however, that these adjournments testified to by defendant's witnesses were not actually had, and that the vendee without excuse defaulted in June, 1905. We are unwilling, however, to interfere with the findings of fact in this respect, for the reason that they are supported by sufficient evidence, and there is no such preponderance of evidence in defendant's favor as would warrant us in reversing it as against the weight of evidence.

The defendant's position is also open to the objection that it failed to appoint a specific time for the passing of the deed after the matter had been adjourned and allowed to remain open. On June 12th the attorney for the defendant wrote to the vendee that unless he was prepared to take title they would consider the amount paid forfeited and expose the premises for resale. On June 15th the vendee wrote in reply that, owing to the vast amount of work the title companies had ahead of them, he was necessarily delayed in obtaining the proper searches, but that he would do all in his power to urge them to complete the search and would advise him. On June 17th defendant's attorney wrote back, acknowledging the receipt of the letter of the 15th, and advising the vendee that he must make an additional payment; otherwise, the defendant would offer the property for sale. This letter was not sufficient to serve the purpose of giving notice of the time and place of closing the title, in order to make time of the essence and put the vendee in default; for it fixed no definite time either for closing the title or for the payment of an additional sum upon the purchase price. Such a notice must be definite in its terms. Schiffer v. Dietz, 83 N. Y. 301; Darrow v. Cornell, 12 App. Div. 604, 42 N. Y. Supp. 1081; 30 App. Div. 115, 51 N. Y. Supp. 828.

The judgment should be affirmed, with costs. All concur.