WILLIAM GOSTKOWSKI, an Infant over Fourteen Years of Age, by ANTHONY GOSTKOWSKI, His Guardian ad Litem, Respondent, v. THE ROMAN CATHOLIC CHURCH OF THE SACRED HEARTS OF JESUS AND MARY, and GEORGE H. KILLEEN, Appellants.— Judgment of the County Court of Suffolk county reversed on the law and the complaint dismissed, without costs. The husband's right to the possession of the dead body of his wife was paramount to that of the next of kin. This being so, he is the only one who can maintain an action for the wrong committed by the defendants. (See *Foley* v. *Phelps*, 1 App. Div. 551, 554.) This action for a trespass and for interference with the right of possession of the corpse rests entirely with the husband. He paid for and received the right of burial in the plot. The common law gives him the sole right to the possession of his wife's corpse, both for burial purposes and for its protection thereafter, and he is the only one who can maintain this action. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JACOB GREENBERG, Appellant, v. ALEXANDER H. ROSENBAUM, Respondent.— Order in so far as it imposes the payment of fifty dollars as a condition for opening plaintiff's default modified by reducing the payment of costs to the sum of ten dollars, and as so modified affirmed, without costs. The examination is to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

EDITH SHATTO KING, Appellant, v. ISLAND PARK ASSOCIATES, INC., Respondent. — Judgment reversed on the law and the facts, with costs of the appeal, and judgment directed for plaintiff for the recovery of the payments made by her, with interest and without costs. The defendant made no claim for specific performance and rested upon its ability to convey a marketable title at the closing. The effect of its position was to claim a forfeiture of all of the payments made by plaintiff. It was, therefore, incumbent upon the defendant to be in the position of claiming complete and strict compliance with the contract as of the law day. (*Abramowitz* v. *Fraccalvieri*, 227 App. Div. 418.) It is conceded that at the time of the closing there were unsatisfied judgments of record against the defendant. The trial court also found that fact. This defect rendered the title unmarketable at the time of closing, and the plaintiff was then and there entitled to the return of her money. Findings of fact and conclusions of law inconsistent herewith, particularly finding of fact numbered 25, at folio 95, are reversed and new findings and a conclusion accordingly will be made; order to be settled on notice. In view of this determination, the appeal from the order denying motion for summary judgment is dismissed, without costs. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

HENRY KLOPF, Appellant, v. LINCOLN C. ANDREWS, as Receiver of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Respondent.— Order denying plaintiff's motion for a preference affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.