WEST 72ND STREET REALTY CORP., Plaintiff, v. YESHIVA CHOFETZ CHAIM OF RADUN RABBINICAL INSTITUTE, INC., Defendant.

Supreme Court, Special Term, New York County, January 15, 1954.

*Marvin L. Levitt* for plaintiff.

*Martin Gottlieb, Moses Friedman* and *Joseph N. Friedman* for defendant.

MATTHEW M. LEVY, J. The plaintiff agreed to sell and the defendant to buy a parcel of realty. The contract was entered into on October 20, 1952. The date of closing, as adjourned, was January 27, 1953. Claiming that it was at all times ready, able and willing to perform, but that the defendant refuses, the plaintiff seller sued in equity for specific performance, or, in the event that the defendant does not take title in pursuance of the judgment, for foreclosure of the plaintiff's equitable lien for the purchase price and for any deficiency. The defendant purchaser now moves for summary judgment dismissing the complaint, on the ground that the plaintiff itself is not able to convey the property as purchased, and thus is not entitled to enforce specific performance. It appears that certain vacancies existing at the time of contract have, since the closing date, become occupancies, and that certain changes were made by the plaintiff after the closing date in some of the tenancies existing when the contract was made. The plaintiff claims that the changes were insubstantial, and that it rented the vacancies after defendant's breach so as to mitigate damages.

The deed contracted for was " to convey to the purchaser the fee simple of the said premises, free of all encumbrances, except as herein stated." The contract clearly demonstrates that the matter of vacancies and tenancies *as is* was of considerable moment to the defendant in its desire to acquire the building agreed to be purchased. For example, the contract expressly provided that " Seller agrees that it will not rent any vacant space or renew or extend any leases in the premises during the pendency of this contract without the consent of the purchaser." Conveyance was to be made " Subject to leases and tenancies, as set forth in schedule hereto attached (to the contract) and made part hereof ". The schedule indicated approximately eleven occupancies and approximately twelve vacancies. Other clauses in the lengthy contract and in its modification indicate unmistakably the importance to the purchaser of the continuance of the vacancies. It appears that approximately six of the former vacancies are now occupancies, some extending to 1954, and 1955, and, in addition, that there was a change in one of the former occupancies. These are set forth with complete specification in the moving papers. None of the particulars is challenged and it is admitted that the defendant's consent to the changes was not procured, but the plaintiff is content to say that only four unoccupied units were rented. Even so, the property cannot now be conveyed as sold — and on the facts here this is

not a matter of *de minimis* or of available substantial performance. A purchaser is entitled to the title purchased — free of any incumbrances which he did not assume in the contract. A lease or occupancy not provided for in the contract is an incumbrance (*Fruhauf* v. *Bendheim*, 127 N. Y. 587; *Downes* v. *Wenninger*, 207 N. Y. 286); and this would be particularly true in these days of emergency rental relationships. It is evident to me that the leases made subsequent to the contract were substantial incumbrances which the defendant did not assume. Since the plaintiff cannot convey the title contracted for, its action for specific performance falls.

The plaintiff urges that what changes there were in the occupancies occurred only after the defendant's breach, and that the plaintiff entered into the new rentals so as to protect the defendant and to mitigate the plaintiff's claim for damages for the breach. It seems that the premises are not fireproof, and that the defendant refused to take title on the adjourned closing date, claiming that the building was represented and agreed to be fireproof. This claim the plaintiff seller disputes and thus followed the institution of the action. Assuming good faith on the plaintiff's part, the reason assigned by the defendant for its failure to take title is immaterial to the ground here urged for dismissal of the complaint. By its demand for specific performance the plaintiff would, if it prevailed, secure full remedy, including all adjustments and interest as of the contract date of title closing. Any claimed benefit one way or the other, of diminishing the defendant's damage, does not change the fact that the plaintiff by its own act is no longer able to deliver the property purchased. Whatever place the principle of " mitigation of damages " may have in an action at law, it has no force in an action for specific performance. The seller cannot denude himself of ability to perform (even by attempts to reduce the amount of damages for which the buyer may be subject because of the buyer's breach), and, at the same time, compel the buyer to take what he did not contract to buy. What the situation might have been had the plaintiff sued for damages for the claimed breach, I do not say. But the plaintiff has not sued for and is unable to collect damages in this action (*Cohen* v. *A. F. A. Realty Corp.*, 250 N. Y. 262), and an amendment of the complaint for such purpose is at this time impermissible (cf. *International Photo Rec. Mach.* v. *Microstat Corp.*, 269 App. Div. 485).

The motion is granted, the complaint is dismissed, and the counterclaims are severed. Settle order.