Robert Doscher, J.
After both sides had rested in this hearing, ordered by the Appellate Division to determine the damages, if any, sustained by defendants because of a wrongful attempted rescission by plaintiff of a contract for the purchase and sale of realty, plaintiff moves for leave to reopen the hearing for the purpose of offering certain additional proof and evidence.
Since the application was made before a decision on the question of damages was rendered, it is within the discretion of the court to allow the hearing to be reopened for further proof to complete the record (Mohawk Carpet Mills v. State of New York, 173 Misc. 319). The exercise of the court’s discretion should be governed primarily by the materiality and relevancy of the facts sought to be proved.
Defendant has been granted a judgment of specific performance against plaintiff together with damages, if any, sustained. *361 The additional proof plaintiff seeks to offer concerns an alleged offer to purchase by a third person at a price higher than in the contract made by plaintiff. Such proof is claimed to be in mitigation of damages.
The additional proof is neither material nor relevant. The very essence of a claim for specific performance is the enforcement of a contract validly made. To accept, or even entertain, offers for the very property under contract would be tantamount to a rejection of the original contract. It would be anomalous to permit the prosecution by a seller of an action for specific performance and, at the same time, give the purchaser the benefit of another offer for the property he contracted to, but failed to, buy.
Motion denied. Submit order accordingly.
* # #
This matter, after appeal, was remitted to Special Term for the purpose of determining the damages, if any, sustained by defendants by reasons' of plaintiff’s wrongful attempted rescission of a contract for the purchase and sale of real property. The damages are incidental to the relief of specific performance granted defendant.
The balance of the amount to be paid in cash was due on the date the deed was to be delivered. It was not delivered only because of plaintiff’s attempted rescission, which was held to be wrongful. Plaintiff is chargeable with legal interest on the amount he agreed to pay from the date fixed for the delivery of the deed to the date of entry of judgment.
' Plaintiff has attempted to prove rental value, during the period between the contract law day and the trial, in mitigation of these damages. The proof offered, while credible, is neither material or relevant. At any time during the litigation, plaintiff could have discontinued his action for rescission and consented to take title. He would be entitled to the property unencumbered by a tenancy (either for a definite term or cancelable on specified notice). Whatever place the principle of “ mitigation of damages ” may have in an action at law for damages, it can have no force in the type of action now at bar. The seller cannot denude himself of the ability to perform strictly in accordance with contract (even by reducing the amount of damages for which the buyer may be liable because of the buyer’s breach) and, at the same time, compel the buyer to take something else than called for by the contract — here, the premises subject to a tenancy (West 72nd St. Realty Corp. v. Yeshiva Chofetz Chaim, 205 Misc. 124).
*362 The plaintiff concedes his liability for taxes, with legal interest from the date of payment. These items will be allowed.
Included in the contract relating to the realty was a provision for the transfer of one share of the stock of the Premium Point Company, a corporation that owned and maintained the roads and paths in the park where the realty, under contract, was located. Attendant to the ownership of this stock were the obligations imposed upon the holders. Had plaintiff completed his contract, he would have borne the obligation of the assessments regularly made by the corporation. Plaintiff should not be permitted to benefit by his wrongful default to the extent of burdening defendants with the payments made. The payments, plus legal interest, will be chargeable in the damages assessed against plaintiff.
The contract, here involved, prepared by, or in behalf of defendants’ predecessor, provided that “ the risk of loss or damage to said premises by fire, until the delivery of the deed, is assumed by the purchaser ” (emphasis supplied). Nevertheless, between the law date in the contract and the date of trial, defendants kept the property insured. It does not appear, however, from the record who was insured against loss. Be that as it may, the defendant had no obligation (except for its own protection) to place insurance on the property. It was a volunteer in this respect and may not recover its expenditures.
For about six months after the date fixed in the contract for delivery of the deed, the defendants purchased oil for the premises and kept the water turned on. Since the said date, defendants had the electricity turned on. None of these items were required for the preservation of the premises. As a matter of fact, there has been no oil delivered, or water consumed, for the last three and a half years and no claim interposed that the premises have deteriorated. The amounts paid for these items are not chargeable against plaintiff.
During the first 10 months after plaintiff’s default in taking title, defendants employed a caretaker and gardener. Thereafter an outside contractor was used to care for the lawns and gardens. While the court finds that, without care, the lawns and gardens would have deteriorated to such extent as to leave defendants open to a charge of waste, it does not find that the expenditure for a gardener and caretaker was reasonable. The defendants will be allowed, on account of necessary ground upkeep the sum of $325 with interest from August 1, 1954, plus the actual disbursements made for such purpose (with interest from the date of payment) during the years 1955 thru 1957. No other, or further, allowance will be made for wages. The amounts allowed will be chargeable against plaintiff as damages.
*363 The disbursements made for exterminators are not chargeable against plaintiff. The expenditures were made necessary, or advisable, by reason of personal property left on the premises after the law date. The contract specifically excluded any carpeting or other personal property not affixed to or necessary for the operation of the premises. Had the personal property been removed, as it should have been, these disbursements would not have been made.
Settle judgment on notice.