■ MICHEL M. SEGAL et al., Appellants, v. ALEXANDER J. KULCH et al., Respondents. (Action No. 1.) MICHEL M. SEGAL et al., Appellants, v. ALEXANDER J. KULCH et al., Respondents. (Action No. 2.) — In two consolidated actions by assignees of the vendees of a contract for the purchase and sale of real property, in which five causes of action are alleged: (1) to establish a vendee's lien upon the property for the down payment of $8,000 and to foreclose such lien; (2) to recover damages from the three defendant sellers (Kulch, Kulch and Hrynczyszyn) by reason of their breach of contract in failing to convey a good title; (3) to recover damages from plaintiffs' assignors, the original vendees (defendants Millstein and Blum) by reason of their breach of the assignment contract; (4) to recover from defendant Edward A. Segal the sum of $4,100 deposited with him by plaintiffs upon the execution of the assignment contract, to be held by him in escrow pending the title closing; and (5) to recover damages from all the defendants, other than the escrowee (defendant Segal) by reason of their conspiracy to deprive plaintiffs of the opportunity to acquire the property under the assignment contract, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered November 4, 1960, in favor of defendants, upon the decision of a Special Referee after trial before such Referee. Judgment reversed on the law and the facts, with costs, and judgment granted in favor of plaintiffs, with costs, as follows: (1) directing that plaintiffs have a vendee's lien upon the real property involved for $8,000, with interest thereon from March 2, 1959 (the date fixed for the closing), and directing the foreclosure of such lien in the event such sum and the interest thereon be not paid to plaintiffs; (2) directing that plaintiffs recover said sum of $8,000 and the interest thereon from their assignors, defendants Millstein and Blum, and from the contract vendors, defendants Kulch, Kulch and Hrynczyszyn; and (3) directing that plaintiffs recover $4,100, with interest thereon from March 2, 1959, from their assignors, defendants Millstein and Blum, and from the escrowee, defendant Edward A. Segal. Findings of fact insofar as they may be inconsistent herewith are

reversed, and new findings of fact are made as indicated herein. The contract of purchase and sale provided for the conveyance of the fee free of incumbrances, except those specified. No lease was specified in the contract. On March 2, 1959, the law date fixed for the title closing, there was a lease affecting apartment D-7, which had become effective between the dates of contract and closing. The lease was an incumbrance which rendered the title unmarketable (*Fruhauf* v. *Bendheim*, 6 N. Y. S. 264, affd. 127 N. Y. 587; *Foland* v. *Italian Sav. Bank*, 123 App. Div. 598; *Sommer* v. *Ehrgott*, 193 App. Div. 663; *Sugarman* v. *Goldberg*, 100 N. Y. S. 1012). Since defendants make no claim for specific performance (having divested themselves of title) and contend that plaintiffs have forfeited the payments made, defendants were required, on the law day, to tender title in strict conformity with the contract. As the title tendered was unmarketable, plaintiffs were entitled, on March 2, 1959, to the return of the payments made (*King* v. *Island Park Associates*, 237 App. Div. 910). Plaintiffs are entitled to judgment against the contract vendors, and against their assignors, and to a vendee's lien, as provided in the contract, to the extent of $8,000, the amount paid on account of the contract, plus interest thereon from March 2, 1959, the date fixed for the closing. There was no proof of cost of title examination which, the contract provided, could have been added to the amount of the lien. As against the contract vendors, plaintiffs are entitled to no further damages, because of the usual limitation of liability in the contract (*Cymerman Bros.* v. *Payne Homes*, 5 Misc 2d 792, affd. 4 A D 2d 701, affd. 4 N Y 2d 937). Plaintiffs' right to a lien is not affected by the subsequent conveyance of the premises, because plaintiffs filed a *lis pendens* in this action before such conveyance was made. Plaintiffs are also entitled to judgment against their assignors and the escrowee for $4,100, the consideration paid for the assignment of the contract, plus interest on such sum from March 2, 1959. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.