*965 OPINION OF THE COURT
Charles J. Thomas, J.
Steven Abend was the owner of a cooperative apartment located at 110-20 71st Avenue, Forest Hills, New York, who sublet the apartment to Anne Gustaitis. Mr. Abend and Ms. Gustaitis entered into a sublease agreement for the subject premises commencing July 30, 2003. At the time the sublease was signed, Ms. Gustaitis placed a security deposit of $2,500. When the sublease expired Ms. Gustaitis did not vacate the subject premises and Mr. Abend commenced a holdover proceeding in November 2004. Due to Ms. Gustaitis’ deteriorating health she did not appear or contest the holdover proceeding and Mr. Abend obtained a judgment of possession on default.
Adult Protective Services (APS) moved to vacate the default judgment in Landlord and Tenant Court, and a stipulation of settlement was signed, staying the warrant of eviction for three months.
In July 2005 the Department of Social Services commenced an action in Queens Supreme Court for the appointment of a guardian pursuant to. Mental Hygiene Law article 81. The petition, which stayed execution of the stipulation and the warrant of eviction, was served upon Mr. Abend’s attorney.
On December 1, 2005, an order to show cause submitted by Steven Abend was signed in which movant sought leave to intervene in the action and to vacate the stay of eviction. On January 3, 2006 the Department of Social Services withdrew its petition for the appointment of a guardian.
On January 19, 2006, Windsor Park Nursing Home commenced a new proceeding pursuant to article 81 of the Mental Hygiene Law. A hearing was held on March 23, 2006 and, on May 12, 2006, the court appointed Gerald Hyman as property management guardian. The property management guardian paid the arrears and surrendered Ms. Gustaitis’ possession of the apartment. Ms. Gustaitis, who is 88 years old, had been confined to the nursing home since November 3, 2005 after being discharged from North Shore Hospital.
Steven Abend now moves for an order directing Gerald Hyman, the guardian of Ms. Gustaitis, to pay back rent, the cost of damage to the apartment and legal fees. Prior to their appearance in court, Mr. Hyman, with court permission, paid the amount due for the back rent, which is no longer an issue. The guardian, however, disputes the reasonableness of the additional *966 charges of $6,557.80 for repairs to the apartment as well as the $20,000 legal fee.
As to the damage to the apartment the court determines that the movant has failed to establish the cost of damage that goes beyond reasonable wear and tear.
The only remaining issue for the court to determine is whether Ms. Gustaitis is responsible for the legal fees incurred by Steven Abend for the landlord and tenant proceeding, and those incurred by Steven Abend in the guardianship proceeding.
It is undisputed that, absent a provision in the lease, there is no right for a landlord to recover legal fees from a tenant. It is also undisputed that the agreement between Steven Abend and Anne Gustaitis does not contain any provision regarding the payment of legal fees by Ms. Gustaitis.
Movant, however, argues that the existence of a clause in the proprietary lease is carried over by paragraph 16 of the sublease, which states: “This lease and lessee’s leasehold interest hereunder are and shall be subject, subordinate, and inferior to any liens or encumbrances, the interest payable on any such extensions of such liens or encumbrances.”
The terms of the proprietary lease between Majestic Tenants, Inc. and Steven Abend and the sublease between Steven Abend and Anne Gustaitis are undisputed. However, the court concludes that movant is incorrect in its position that the provision of the proprietary lease, which allows Majestic Tenants, Inc. to seek recovery of attorney’s fees from Steven Abend, is extended to Steven Abend’s sublease with Anne Gustaitis absent a specific provision in the sublease itself.
Courts historically have refused to allow for recovery of attorney’s fees absent specific language requiring such payment.
The movant’s position that paragraph 16 of the sublease between him and Anne Gustaitis, which subjects the sublease to “liens and encumbrances” is insufficient to extend the provision of attorney’s fees.
The right to recover legal fees is a contract right and not a right which is attached to the property. An encumbrance is a “claim or liability that is attached to the property or some other right that may lessen its [the property’s] value, such as a lien or mortgage; any property right that is not an ownership interest.” (Black’s Law Dictionary 547 [7th ed].)
An encumbrance runs with title to or ownership rights to the property. The term encumbrance in the field of property law is *967 generally termed an “encumbrance affecting title” and specifically used to designate a restriction on title and is defined as “a right, other than an ownership interest, in real property. The term includes mortgages and other liens on real property.” (UCC 9-102 [a] [32].)
The sublease may subjudicate that lease to the proprietary lease but extends only to the “property” rights and only as specified in the contract, i.e., encumbrances and liens. There is nothing in the sublease that subjects Ms. Gustaitis to the peripheral contract rights that do not run with the property.
In fact, the cases cited by the movant support such a determination. In Fruhauf v Bendheim (127 NY 587 [1891]), the issue before the Court was the determination of whether equitable title to the property passed to her as a gift by her husband.
Similarly, the issue in Segal v Kulch (13 AD2d 1011 [1961]) involved the failure to tender marketable title to the property in accordance with the contract of sale. There the Court held that plaintiff was not entitled to additional damages beyond the hen because of the “usual limitation of liability in the contract” (supra at 1012).
Furthermore, paragraph 32 of the proprietary lease between Majestic Tenants, Inc. and Steven Abend provides for legal fees only under the following circumstances: “(b) If the Lessor relets the apartment as Agent for Lessee, it shall after reimbursing itself for its expenses in connection therewith, including leasing commissions and a reasonable amount for attorney’s fees and expenses, and decorations.”
Therefore, Mr. Abend is not entitled to legal fees as requested and the motion is denied.
In light of the foregoing, the court need not reach the issue of the unreasonableness of the fees requested.