JOHN J. NIEMANN, Respondent, v. SHERMAN COHEN et al., Doing Business as 175 EAST 74TH ST. Co., Appellants.— Order, entered March 30, 1964, denying defendants' motion for summary judgment, unanimously reversed on the law, with $30 costs and disbursements to appellants, the motion to dismiss the complaint and for affirmative judgment on the counterclaim

granted, with $10 costs and the matter remanded to Special and Trial Term for assessment of damages upon defendants' counterclaim. Plaintiff seeks specific performance of a lease in writing made between him and appellants or, in the alternative, cancellation of the instrument. The pleading fails to state a cause of action. In rendering a decree of specific performance "The court should not assume to make a new contract for the parties and then decree its specific performance, or undertake to compel the defendant to do something he did not contract or agree to do, but should enforce the contract in question according to its terms or not at all." (49 Am. Jur., Specific Performance, § 171; see, also, *Matter of Galewitz*, 3 A D 2d 280, 285, affd. 5 N Y 2d 721 and authorities there cited.) Plaintiff directs attention to no provision in the lease that would authorize a decree mandating appellants to remove the visible beams or pipeways. Indeed the lease provisions negative the present contentions of plaintiff. Moreover, the moving papers establish that plaintiff visited the premises and viewed the apartment several times prior to signing the lease. The ambiguous allegation to the contrary in the complaint (par. 7) and the hearsay statements in the answering affidavit of plaintiff's attorney have no probative value (*Israelson* v. *Rubin*, 20 A D 2d 668; *Cohen* v. *Pannia*, 7 A D 2d 886). The complaint further fails to state a cause of action for rescission of the lease. Such relief may be obtained where the agreement has been consummated through misrepresentation of material facts not amounting to fraud and intentional misstatements need not be proved. (*Bloomquist* v. *Farson*, 222 N. Y. 375, 380.) The pleading under consideration is barren of any such allegation. It is stated that it was the "understanding" of plaintiff that the apartment would have normal walls and a further conclusory statement that a mantel could not be installed because of variations between floor plan and actual construction. The uncontroverted statement in the moving papers is that the mantel will be installed and if additional alterations are necessary they will be done at the expense of appellants. Concur — Breitel, J. P., Rabin, McNally, Steuer and Bastow, JJ.