GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v
EMPLOYERS COMMERCIAL UNION INSURANCE Co. et al.,
Respondents.

Second Department, May 8, 1978

## APPEARANCES OF COUNSEL

*Rivkin, Leff & Sherman (John F. Morrison* of counsel), for appellant.

*Francis B. A'Hearn (Furey & Mooney [Clifford B. Keller]* of counsel), for Employers Commercial Union Insurance Co., respondent.

*Nathan Light* for Marilyn Megale and another, respondents.

## OPINION OF THE COURT

HAWKINS, J.

In an action to declare that the plaintiff, Government Employees Insurance Company (hereafter GEICO), did not insure a vehicle owned by the defendant Andrew Risucci on the date the vehicle was involved in an accident, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered October 27, 1976, which vacated a prior decision of the same court and declared that it was the insurer of the vehicle and, hence, was obligated to defend and indemnify the said defendant against all claims within the policy's limits asserted against him arising out of an accident which occurred on April 18, 1972.

The judgment should be affirmed, with costs.

Andrew Risucci owned a 1965 Volkswagen which was insured by GEICO in Florida under an extension of Nicholas Risucci's New York GEICO policy. (Nicholas Risucci is the father of Andrew Risucci.) The Florida policy was separately written, but the number it bore was the same as the number of the New York policy, with the suffix "-3" added. When Andrew returned to New York in September, 1971, the Florida policy was terminated and coverage on the Volkswagen was obtained by adding it as a third car to the New York policy. An FS-1 form was issued by GEICO to the son, at about the same time, so that he could register the car in New York. A few days before the policy renewal date of January 1, 1972, the father wrote to GEICO asking that coverage on the

Volkswagen not be renewed. GEICO complied, but did not notify either the son, who owned the car, or the Commissioner of Motor Vehicles, of the deletion. On April 18, 1972 the Volkswagen was involved in an accident.

A judgment was issued staying the owners of the second car, the respondents Megale, from arbitration under the uninsured motorist provision of their policy with respondent Employers Commercial Union Insurance Company on the ground that the Megales had failed to establish that GEICO, which had not been named a party in the proceeding, had canceled its insurance on the Volkswagen.

GEICO subsequently commenced this action. After the first trial, without a jury, the court determined that GEICO had "slip[ped] through" "a statutory loophole", to wit, that section 313 of the Vehicle and Traffic Law requires notice of cancellation by an insurer only to the named insured. Moreover, that statute only comes into play if the insurer cancels, not if an insured has elected to cancel his own policy (see *Matter of Orefice [MVAIC]*, 28 AD2d 854). Additionally, valid termination of automobile insurance is not affected by an insurer's failure to file a notice of termination with the Commissioner of Motor Vehicles (see *Capra v Lumbermens Mut. Cas. Co.*, 31 NY2d 760). Special Term declared that GEICO did not insure the vehicle on the date of the accident.

The decision and judgment entered after the first trial were thereafter vacated and the matter opened for further evidence on the question of who was the "named insured". Following the further hearing, Special Term declared that GEICO was obligated to indemnify Andrew Risucci, the son. GEICO appeals from the judgment entered upon that declaration.

We affirm on the ground that although Nicholas Risucci and not Andrew Risucci was the named insured on the three-car policy, by its conduct GEICO knew, or should have known, that Andrew was the owner of the third car and that he was entitled to notice of the cancellation.

Firstly, GEICO issued an FS-1 form to Andrew Risucci, certifying that "it has issued a policy complying with the Financial Security Act to: Andrew Riscucci [address]", in September, 1971. This form enabled Andrew to register the car in New York (see Vehicle and Traffic Law, § 312). Both the State of New York and any person injured by Andrew's negligent driving could rely on the certificate that insurance

had been issued (see *Hill v Johnson,* 35 AD2d 407, concurring opn of Mr. Justice HOPKINS, p 411).

Secondly, section 312 of the Vehicle and Traffic Law places the burden of maintaining financial security upon the owner of a motor vehicle, and the statute penalizes an owner of an uninsured vehicle under a different standard than is applicable to the operator of such vehicle (see Vehicle and Traffic Law, § 318, subds 2, 3; § 319). GEICO's senior underwriter, responding to the trial court's question whether the company knows who owns the cars on a three-car policy, testified at the first trial that ownership was not important and that the cars are rated on the basis of the driver. At the reopened trial, the underwriter's contradictory testimony was that if GEICO had known that Andrew was the owner of the Volkswagen, a separate policy would have been issued to him.

The testimony of the underwriter, Mr. Mosher, was also contradictory on the issue of whether the company might have known that Andrew was the owner of the vehicle since it had issued a separate policy while the automobile was in Florida. At the first trial he testified that the Florida policy was, he "believed", in Nicholas Risucci's name. At the reopened trial, Mosher testified that on the separate Florida policy the son was the named insured. Nonetheless, when the Florida policy was terminated, the Volkswagen was placed on the policy naming only Nicholas Risucci as the "named insured", but an FS-1 form was issued in Andrew's name to permit him to register the car.

Lastly, the letter from Nicholas Risucci to GEICO, upon which GEICO relies heavily for the proposition that since the named insured requested deletion of the Volkswagen from the policy *no notice of cancellation was required,* states: "Unit 3, 65 Volkswagen *[sic], owned by my son* will not be renewed on my policy since he is obtaining coverage from another company on his own" (emphasis supplied).

Having issued a separate Florida policy and an FS-1 to Andrew, as an owner, and by the very statement in the letter of cancellation from Nicholas Risucci, it is clear that GEICO knew or should have known that Nicholas Risucci was not the owner of the 1965 Volkswagen but, rather, that ownership was in Andrew Risucci, and as such he was entitled to notice of cancellation. GEICO's cavalier attitude as to title is further evidenced by its underwriter's testimony that ownership was not the relevant factor in writing the policy— a statement

which the underwriter himself contradicted at the reopened trial.

Whether one views GEICO's conduct, in permitting Andrew Risucci to register the car in his name but not sending him a cancellation notice, as innocently aiding a culprit to evade the insurance laws or as culpably obscuring from an innocent owner that he had been stripped of insurance by another, "there is a public policy and interest involved which transcends all other considerations, namely, the protection of innocent victims of motor vehicle accidents from financial loss" (see *Broquedis v Employers Mut. Liab. Ins. Co. of Wisconsin*, 45 AD2d 591, 595).

■ Contrary to GEICO's contention, vacatur of the first judgment was proper. The grounds enumerated in CPLR 5015 (subd [a]) were not intended to limit the traditional power of a court to grant relief from an order or judgment in the interests of justice and the exercise of its discretion (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12).

HOPKINS, J. P., MARTUSCELLO and RABIN, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered October 27, 1976, affirmed, with one bill of costs jointly to respondents appearing separately and filing separate briefs.