■ NELSON B. SOGGS, Respondent, v CLARA CROCCO, Appellant. [668 NYS2d 796] —Order unanimously reversed on the law without costs, motion granted, order vacated and complaint dismissed. Memorandum: The parties, sole shareholders in Crocco-Soggs Broadcasting, Inc., entered into an agreement on February 23, 1990 giving each party the option of purchasing the other party's interest in the corporation. Under the agreement, defendant had the option to purchase plaintiff's interest for $105,000. If defendant failed to exercise that option within 10 days, plaintiff was required to "buy out [defendant] at the sum invested by [defendant], as shown by her substantiated documents *and* as approved by the FCC [Federal Communications Commission], the ultimate price shall be the sum of money as approved by the FCC". Upon plaintiff's buyout, defendant was to retain a 5% interest in the corporation. The agreement further provided that it was not subject to modification "by either party without mutual written agreement."

Defendant failed to exercise her option within 10 days or to transfer her interest in the corporation to plaintiff. Plaintiff commenced the instant action seeking specific performance. By order entered October 5, 1993, Supreme Court granted

plaintiff's motion and directed defendant to perform her obligations under the agreement. Defendant moved to vacate that order on the ground that plaintiff had not fulfilled his obligations under the agreement. By order entered May 19, 1995, the court denied the motion to vacate, but directed plaintiff to submit an application to the FCC for a determination of the price to be paid defendant for her 46% interest in the corporation. The order further provided "that if, for any reason, the FCC declines to entertain or act on plaintiff's application/petition * * * this Court shall thereafter appoint a referee to hear and determine the amount that plaintiff shall pay to defendant" for the transfer of her interest. Defendant filed and served a notice of appeal from that part of the order contingently providing for the appointment of a Referee, but did not perfect the appeal.

In May 1996 the FCC notified the parties that it denied plaintiff's application because the agency had no authority to become involved in private contractual disputes. Following the FCC determination, plaintiff requested that the court appoint a Referee. Defendant opposed that request and moved to vacate the 1993 order directing specific performance of the agreement and for judgment dismissing the complaint. The court denied defendant's motion and appointed a Referee.

Although the relief sought by defendant does not fall within any of the grounds enumerated in CPLR 5015, the court possessed inherent power to vacate its prior order in the interest of justice (*see, Ruben v American & Foreign Ins. Co.,* 185 AD2d 63, 67; *McMahon v City of New York,* 105 AD2d 101, 104). In our view, the unique circumstances of this case warrant the exercise of that power. A party "who obtains specific performance of his contract is entitled to no greater rights than he would have had had the contract been performed at the agreed time" (*F & F Rest. Corp. v Wells, Goode & Benefit,* 61 NY2d 496, 502, citing *Bostwick v Beach,* 105 NY 661, 663). In the instant case, the parties agreed that plaintiff would compensate defendant for her 46% share at a price approved by the FCC. The refusal of the FCC to fulfill the role assigned to it created an insurmountable bar to the specific performance of the agreement (*see, Sini v Hyngstrom,* 109 AD2d 671). Thus, the order directing specific performance "decree[s] the impossible" (*Valley Assocs. Corp. v Rogers,* 4 Misc 2d 382, 383, citing *Saperstein v Mechanics & Farmers Sav. Bank,* 228 NY 257). The agreement provides no alternative method for determining the price to be paid defendant upon plaintiff's buyout and expressly states that it cannot be modified without the written consent of both parties. While it may have been unreasonable for the parties

not to provide for the contingency that the FCC would decline to become involved (*see, P.K. Dev. v Elvem Dev. Corp.*, 226 AD2d 200, 201-202), it is not for the court to rewrite the agreement to correct their oversight (*see, Firtell v Crest Bldrs.*, 159 AD2d 352; *Niemann v Cohen*, 22 AD2d 770, 771). By appointing a Referee, the court imposed a remedy "not within the intent or understanding of the parties when the bargain was made" (*Gotthelf v Stranahan*, 138 NY 345, 351; *see, Mazzochetti v Cassarino*, 49 AD2d 695). Because specific performance of the agreement is not possible, the parties are left to whatever legal or equitable remedies they may have (*see, Gotthelf v Stranahan, supra*, at 351-352; *Ipar Realty Corp. v Herbert Constr. Co.*, 192 AD2d 639, 640-641).

Contrary to plaintiff's contention, defendant is not precluded from challenging the appointment of a Referee based upon her failure to perfect the appeal from that part of the 1995 order conditionally appointing a Referee. Because that part of the order was conditional, defendant's appeal would have been dismissed as premature (*see, Nieves v Union Hosp.*, 234 AD2d 143; *Matter of Leo T.*, 87 AD2d 297, 298). Thus, defendant is not precluded from raising an issue that could not have been litigated had the appeal been timely perfected (*see, McMahon v City of New York, supra*, at 107). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Vacate Order.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.