■ R & A FOOD SERVICES, INC., Doing Business as A & R FOOD SERVICES, Respondent, v HALMAR EQUITIES, INC., Appellant. [717 NYS2d 642] —In an action, *inter alia*, to rescind a lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated January 12, 2000, as denied its cross motion to dismiss the complaint and for summary judgment on the issue of liability on its first and second counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross motion which were to dismiss the complaint and for summary

judgment on the issue of liability on the first counterclaim, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The complaint alleges that the plaintiff was fraudulently induced to enter into a lease by certain representations made by the defendant. However, after learning of the alleged fraud, the plaintiff waited more than one year before commencing this action, and failed to take any other action to rescind the lease. Because the plaintiff failed to promptly seek rescission after learning of the alleged fraud, it has waived its claim (*see, New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 372; *see also, Big Top Stores v Ardsley Toy Shoppe,* 64 Misc 2d 894, 901, *affd* 36 AD2d 582).

The plaintiff concedes that it stopped paying rent before the expiration of the lease. Consequently, the defendant was entitled to summary judgment on the issue of liability on its first counterclaim which seeks unpaid rent. As to its second counterclaim, the defendant failed to establish as a matter of law that it is entitled to the commissions it seeks. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.