[746 NYS2d 911]

In the Matter of BRUCE A. HOYT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 9, 2002

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Edward A. Tini* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The petition, dated October 16, 2001, contained two charges of professional misconduct, including neglect of a bankruptcy matter and failure to cooperate with the petitioner's investigation.

By decision and order of this Court dated December 31, 2001, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i), upon a prima facie finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the petitioner's investigation. That order directed the respondent to answer the petition within 10 days after service upon him of a copy of the order. On February 7, 2002, a copy of the decision and order was personally served on the respondent.

The respondent has not answered the petition.

Although a notice of motion to disbar the respondent based upon his failure to answer the petition was mailed to him on March 8, 2002, he has not made any reply.

Under the circumstances, the respondent is in default, the petitioner's motion is granted, the respondent is disbarred upon his failure to appear and answer, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Bruce A. Hoyt, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Bruce A. Hoyt, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.