ROBERT F. RICHARDSON, Appellant, v VAJIRADHAMMAPADIP TEMPLE, Respondent. [807 NYS2d 392]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered May 5, 2004, which, in effect, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The parties entered into a written contract for the sale of two unimproved lots of real property in 1998. Among other things, the contract was conditioned upon the defendant religious corporation obtaining judicial approval of the sale of its property (*see* Religious Corporations Law § 12). The defendant never obtained judicial approval, apparently as a result of the inattentiveness, suspension, and ultimate disbarment of its attorney (*see Matter of Hoyt,* 298 AD2d 47 [2002]). The sale languished until the plaintiff commenced this action in 2003 for specific performance.

Contrary to the plaintiff's contentions, the defendant established, prima facie, its entitlement to summary judgment dismissing the complaint, based upon the plaintiff's unwarranted and prejudicial delay in failing to commence this lawsuit for five years, during which time the defendant continued to maintain the property at its expense, as it more than doubled in

value. "The defense of laches, in a suit for specific performance, is to be considered wholly independent of the Statute of Limitations. Although the action is brought within the period prescribed by the statute, it may have been so delayed as to preclude the granting of equitable relief, and, if so, the complainant must be relegated to his action at law for damages. In determining whether such delay is fatal in the domain of equity, regard must always be had to the peculiar circumstances of each case" (*Groesbeck v Morgan*, 206 NY 385, 389 [1912]). Here, the defendant established that for a period of three full years, the plaintiff wholly failed to inquire into the status of the sale or the judicial approval therefor. Under all of the circumstances of this case, the defendant established its defense of laches as a matter of law. In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact.

The remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.