■ MARIO DEJESUS LONGO, Respondent, v PATRICIA MADLYN BUSHMAN et al., Appellants. [849 NYS2d 614]—In an action for specific performance of a contract for the sale of real property, the defendants Patricia Madlyn Bushman and Antone Bratichak, as guardians of the person and property of Samuel Heyman, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated June 1, 2006, as denied those branches of their cross motion which were for summary judgment dismissing the complaint and on their counterclaim for unpaid rent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the appellants' cross motion which were for summary judgment dismissing the

complaint and on their counterclaim for unpaid rent are granted.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing that the instant action was barred by the doctrine of laches (*see Richardson v Vajiradhammapadip Temple*, 24 AD3d 649, 650 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Furthermore, since it is undisputed that the plaintiff failed to pay rent owed, the Supreme Court should have granted that branch of the appellants' cross motion which was for summary judgment on their counterclaim for unpaid rent (*see R & A Food Servs. v Halmar Equities*, 278 AD2d 398 [2000]). Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.