■ ANDREA GRIPPI, Appellant, v BALKAN SEWER & WATER MAIN SERVICE et al., Respondents, and CONSOLIDATED EDISON, Defendants and Third-Party-Plaintiffs-Respondents. MEC CONSTRUCTION CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [886 NYS2d 614]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated July 30, 2008, which denied his motion to vacate a prior order of the same court dated October 25, 2007, granting the separate unopposed motions of the defendants Balkan Sewer & Water Main Service and Consolidated Edison to dismiss the complaint pursuant to CPLR 3126 insofar as asserted against them for failure to provide disclosure, and denied his separate motion to vacate a prior order of the same court (Schulman, J.), dated October 24, 2007, in effect, directing dismissal of the complaint insofar as asserted against the defendant City of New York upon his default in appearing for a pretrial conference.

Ordered that the order dated July 30, 2008 is affirmed, with one bill of costs payable by the plaintiff to the defendant-respondent Balkan Sewer & Water Main Service, the third-party plaintiff-respondent, and the second third-party defendant-respondent appearing separately and filing separate briefs.

In order to prevail on a motion to vacate a default, a plaintiff

is required to demonstrate both a reasonable excuse for the default and the existence of a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Catanzaro v Wallenstein,* 7 AD3d 479 [2004]; *Vaval v Malone,* 2 AD3d 839 [2003]). Similarly, an action dismissed pursuant to 22 NYCRR 202.27 (b) may be restored if the plaintiff demonstrates both a reasonable excuse for the default and a meritorious cause of action (*see Psomatithis v Transoceanic Cable Ship Co., Inc.,* 39 AD3d 837 [2007]; *Kandel v Hoffman,* 309 AD2d 904, 905 [2003]). The plaintiff herein failed to provide a reasonable excuse for his failure to oppose the motions to dismiss and for his failure to appear on the scheduled date for the pretrial conference. Moreover, the plaintiff failed to demonstrate that there was any merit to his claim against the defendants. In view of the plaintiff's past pattern of "willful default and neglect" in this case, it was not an improvident exercise of discretion to deny the plaintiff's motions to vacate his defaults (*Gannon v Johnson Scale Co.,* 189 AD2d 1052 [1993]; *see Kolajo v City of New York,* 248 AD2d 512 [1998]; *Vierya v Briggs & Stratton Corp.,* 166 AD2d 645, 645-646 [1990]; *Chery v Anthony,* 156 AD2d 414, 417 [1989]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.