■ NATURAL PRODUCT IMPORT AMERICA, INC., et al., Appellants, v J&J EXPRESS TRUCKING CORPORATION et al., Defendants, and UNIVERSAL MARITIME SERVICE CORP., Respondent. [25 NYS3d 905]—

In an action, inter alia, to recover damages for negligence and conversion, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated July 22, 2014, as denied their motion (a) pursuant to CPLR 5015 (a) to vacate an order of the same court (Weinstein, J.), dated January 24, 2013, entered upon their failure to appear at certain pretrial conferences, directing the dismissal of the complaint, and (b) to restore the action to the trial calendar.

Ordered that the order dated July 22, 2014, is affirmed insofar as appealed from, with costs.

To vacate their default in appearing at two pretrial conferences, the plaintiffs were required to demonstrate both a reasonable excuse for their default and the existence of a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Thomas v Avalon Gardens Rehabilitation & Health Care Ctr.*, 107 AD3d 694, 694 [2013]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]; *Gironda v Katzen*, 19 AD3d 644, 644 [2005]). The plaintiffs failed to proffer a reasonable excuse for their failure to appear (*see Grippi v Balkan Sewer & Water Main Serv.*, 66 AD3d 837, 838 [2009]; *Brownfield v Ferris*, 49 AD3d 790, 791 [2008]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether they demonstrated the existence of a potentially meritorious cause of action (*see Vitolo v Suarez*, 130 AD3d 610, 612 [2015]; *EMC Mtge. Corp. v Lamb*, 126 AD3d 669, 669 [2015]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220, 1220 [2014]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 5015 (a) to vacate an order dated January 24, 2013, entered upon their default, and to restore the action to the trial calendar. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.