In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated March 15, 2016, which denied her motion to vacate an order of the same court dated January 15, 2013, granting the unopposed motion of the defendants MJGC Home Care and Special Touch Home Care pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them for lack of standing.
 

 Ordered that the order dated March 15, 2016, is affirmed, with costs.
 

 The plaintiff’s decedent allegedly was injured when he fell in his home in April 2008, while under the care of the defendants MJGC Home Care and Special Touch Home Care (hereinafter together the defendants). He passed away later that year. In February 2011, the plaintiff commenced this action, both individually and as administrator of the decedent’s estate. The plaintiff had not yet received any letters of administration at the time the action was commenced.
 

 The defendants joined issue and demanded the production of letters of administration demonstrating that the plaintiff had been appointed the representative of the decedent’s estate. By order dated April 10, 2012, the Supreme Court, upon a motion to compel made by the defendants, directed the plaintiff to produce letters of administration by May 11, 2012. The plaintiff failed to comply with the order.
 

 In August 2012, the defendants moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing. In an order dated January 15, 2013, the Supreme Court granted the defendants’ motion upon the plaintiff’s default in opposing the motion.
 

 Approximately one month later, the plaintiff petitioned the Surrogate’s Court for letters of administration, which were issued in November 2014. Three months later, and more than two years after the action had been dismissed, the plaintiff moved to vacate the order dated January 15, 2013. The Supreme Court denied the motion, and the plaintiff appeals.
 

 Contrary to the plaintiff’s contention, the Supreme Court providently exercised its discretion in denying her motion to vacate the order dated January 15, 2013, as she failed to establish any grounds to vacate the order pursuant to CPLR 5015 (a), and this case does not otherwise present the type of unique or unusual circumstances that would warrant the invocation of a court’s inherent power to vacate its own orders in the interest of substantial justice (see Katz v Marra, 74 AD3d 888, 890-891 [2010]).
 

 The plaintiff’s contention that the defendants waived the affirmative defense of lack of standing; which was not raised before the Supreme Court, is not properly before us (see Stallsworth v Stallsworth, 138 AD3d 1102, 1103 [2016]).
 

 Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.