Cox v Marshall (2018 NY Slip Op 03826)





Cox v Marshall


2018 NY Slip Op 03826


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-07557
 (Index No. 6247/12)

[*1]Raymond Bruce Cox, appellant, 
v
Bentley Marshall, et al., respondents.


Richard L. Sullivan, Buffalo, NY, for appellant.
Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 24, 2015. The order denied the plaintiff's motion to vacate his default in appearing at trial.
ORDERED that the order is affirmed, with costs.
On October 6, 2011, the plaintiff allegedly was injured when, while riding a bicycle in Brooklyn, he was struck by a bus owned by the defendant New York City Transit Authority and operated by the defendant Bentley Marshall. On July 30, 2014, following discovery and one adjournment of the trial, the plaintiff's attorney informed the plaintiff that jury selection would take place on November 6, 2014, and a trial would take place thereafter. On September 11, 2014, the plaintiff, a jazz musician, agreed to perform on a concert tour outside the State of New York. The tour was scheduled to begin on November 1, 2014, and end on November 29, 2014, when the plaintiff would return to New York. Although the plaintiff discussed the case with his attorney several times between September 11, 2014, when he booked the concert tour, and November 6, 2014, the date scheduled for jury selection, he only informed counsel of the tour on the day of jury selection when, during a telephone conversation, he mentioned that he was in Mexico.
The plaintiff's attorney instructed the plaintiff to return to New York for trial. Moreover, the plaintiff's attorney made several requests for an adjournment, but the Supreme Court denied them. A jury was selected on November 6, 2014, and the court gave the plaintiff one week to return for trial on November 13, 2014. Despite being afforded this additional week, the plaintiff failed to appear on November 13, 2014, and remained on tour. Based on the plaintiff's failure to appear for trial, the court directed that the action be dismissed.
Thereafter, the plaintiff moved to vacate his default in appearing at trial, arguing that he had a work commitment outside the country and that he mistakenly assumed that an adjournment would be granted. The Supreme Court denied the plaintiff's motion. The plaintiff appeals, arguing that his default should be vacated pursuant to CPLR 5015(a)(1) or, alternatively, that the default should be vacated in the interests of justice.
In moving pursuant to CPLR 5015(a)(1) to vacate a default in appearing for a scheduled conference or trial, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Stein v Davidow, Davidow, Siegel & Stern, LLP, 157 AD3d 741, 742; Mazzio v Jennings, 128 AD3d 1032; see also Vardaros v Zapas, 105 AD3d [*2]1037). A determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see OneWest Bank, FSB v Singer, 153 AD3d 714, 715). Contrary to the plaintiff's contentions, he did not demonstrate a reasonable excuse for his failure to appear at trial. The plaintiff's failure to advise his attorney of the concert tour, despite their communication about other aspects of the case prior to the tour, and despite the plaintiff's knowledge that a jury would be selected on November 6, 2014, amounts to a lack of diligence and communication on the plaintiff's part (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874; Sheikh v New York City Tr. Auth., 258 AD2d 347; Dudley v Steese, 228 AD2d 931; Martinez v Otis El. Co., 213 AD2d 523). Moreover, the plaintiff's assumption that the trial would be adjourned until December is not supported by a factual basis in the record. Under these circumstances, the plaintiff failed to demonstrate a reasonable excuse for his failure to appear at trial (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d at 876). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the plaintiff demonstrated the existence of a potentially meritorious cause of action (see Natural Prod. Import Am., Inc. v J & J Express Trucking Corp., 137 AD3d 883, 884).
We reject the plaintiff's contention that his default in appearing for trial should have been vacated in the interests of justice. "In addition to the grounds set forth in section 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Katz v Marra, 74 AD3d 888, 890). This discretion is reserved for "unique or unusual" circumstances that warrant such action (Katz v Marra, 74 AD3d at 891; cf. Wade v Village of Whitehall, 46 AD3d 1302; Soggs v Crocco, 247 AD2d 887, 888). Here, the circumstances presented were not unique or unusual and did not warrant the invocation of a court's inherent power to vacate an order in the interests of substantial justice (see Kleynerman v MJGC Home Care, 153 AD3d 1246, 1247; Katz v Marra, 74 AD3d at 891).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion to vacate his default in appearing at trial.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court