Bernardo v Ramos (2019 NY Slip Op 09245)





Bernardo v Ramos


2019 NY Slip Op 09245


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-00368
 (Index No. 30572/10)

[*1]Lina Q. Bernardo, appellant, 
v
Maria Cecilia Ramos, etc., respondent.


David P. Polo, New York, NY, for appellant.
José Luis Ongay, New York, NY, for respondent.



DECISION & ORDER
In an action to enforce a foreign country money judgment, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 8, 2016. The order denied the plaintiff's motion, in effect, to vacate an order of the same court (David Schmidt, J.), dated September 5, 2013, and, upon vacatur, for summary judgment on the complaint, and granted the defendant's motion to dismiss the complaint to the extent that it sought to enforce a compromise agreement dated May 18, 2004.
ORDERED that the order dated February 8, 2016, is affirmed, with costs.
The parties entered into a compromise agreement dated May 18, 2004, in the Philippines, whereby the defendant agreed to pay the plaintiff a certain sum of money. Thereafter, a court in the Philippines issued an order dated May 25, 2004, awarding the plaintiff a sum of money less than that which was set forth in the May 18, 2004, compromise agreement. On consent of the parties, in this action to enforce a judgment of the Philippine court, based apparently on the mistaken belief that the May 18, 2004, compromise agreement had been approved by the Philippine court, the Supreme Court issued an order recognizing the May 18, 2004, compromise agreement as a New York judgment, pursuant to CPLR article 53. Thereafter, in an order dated September 5, 2013, on motion of the defendant, the court vacated that judgment, and recognized the May 25, 2004, order of the Philippine court as a New York judgment, instead of the May 18, 2004, compromise agreement. The plaintiff moved, in effect, to vacate the September 5, 2013, order and, upon vacatur, for summary judgment on the complaint, and the defendant moved to dismiss the complaint. In the order appealed from dated February 8, 2016, the court denied the plaintiff's motion, and granted the defendant's motion to dismiss the complaint to the extent it sought enforcement of the May 18, 2004, compromise agreement. We affirm.
The Supreme Court providently exercised its inherent discretion to vacate the judgment which was mistakenly based on the May 18, 2004, compromise agreement, which was not approved by the Philippine court, and to instead recognize the May 25, 2004, order of the Philippine court as a New York judgment (see Katz v Marra, 74 AD3d 888, 890).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court