Braunstein v Hodges (2020 NY Slip Op 00842)





Braunstein v Hodges


2020 NY Slip Op 00842


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-09412
 (Index No. 506974/13)

[*1]Barry Braunstein, et al., appellants,
v
Joan Hodges, respondent.


Avrom R. Vann, P.C., New York, NY, for appellants.
Bruce S. Reznick, P.C. (Thomas Torto, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action for a declaratory judgment and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 14, 2018. The order denied the plaintiffs' motion to vacate an order of the same court (Arthur M. Schack, J.), dated March 2, 2016, which denied their motion for a preliminary injunction.
ORDERED that the order dated June 14, 2018, is affirmed, with costs.
In November 2013, the plaintiffs commenced this action seeking, inter alia, a permanent injunction enjoining the defendant from interfering with an alleged easement over certain real property. In an order dated March 2, 2016 (hereinafter the March 2016 order), the Supreme Court (Arthur M. Schack, J.), denied the plaintiffs' motion for a preliminary injunction enjoining the defendant from interfering with the alleged easement during the pendency of this action. This Court affirmed the March 2016 order, determining that the plaintiffs failed to demonstrate a probability of success on the merits, the danger of irreparable harm in the absence of injunctive relief, and a balance of equities in their favor (see Braunstein v Hodges, 157 AD3d 850; see also CPLR 6301).
In December 2016, the plaintiffs moved to vacate the March 2016 order on the grounds that the Supreme Court justice who had issued that order had failed to disclose a conflict of interest and that the motion for a preliminary injunction should be determined by an impartial justice. The Supreme Court (Lawrence Knipel, J.) denied the motion. We affirm.
Although the court retains inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice, "[a] court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Citimortgage, Inc. v Maldonado, 171 AD3d 1007, 1008). Further, "[t]his discretion is reserved for unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891).
Under the circumstances of this case, we agree with the Supreme Court's determination denying the plaintiffs' motion (see Torres v Rely On Us, Inc., 165 AD3d 731, 734; Kleynerman v MJGC Home Care, 153 AD3d 1246, 1247). The plaintiffs failed to show the existence of any actual conflict of interest, impropriety, or bias with respect to the March 2016 order (see Matter of Serkez v Serkez, 34 AD3d 592, 592; see also People v Smith, 63 NY2d 41, 68).
The plaintiffs' remaining contention is not properly before this Court.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court