Pradeep Agarwal, CPA, P.C. v Bachu Law Firm, P.C. (2020 NY Slip Op
51110(U))

[*1]

Pradeep Agarwal, CPA, P.C. v Bachu Law Firm, P.C.

2020 NY Slip Op 51110(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., THOMAS P. ALIOTTA, BERNICE D.
SIEGAL, JJ

2018-393 Q C

Pradeep Agarwal, CPA, P.C., Respondent, 
against
Bachu Law Firm, P.C., Appellant. 

Bachu Law Firm, PLLC (Sharmela Bachu of counsel), for appellant.
Stephen David Fink, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence
C. O'Connor, J.), entered January 2, 2018. The order granted, without opposition, plaintiff's
motion to compel two nonparty witnesses to comply with the subpoenas served upon them
respectively, and denied defendant's motion to vacate a judgment of that court entered October 4,
2016 upon defendant's failure to appear and answer the complaint, and, upon such vacatur, to
extend defendant's time to answer the complaint.

ORDERED that the appeal from so much of the order as granted plaintiff's motion to compel
two nonparty witnesses to comply with the subpoenas served upon them is dismissed, as
defendant was not aggrieved by that portion of the order (see CPLR 5511; Darras v
Romans, 85 AD3d 710, 711 [2011]; Ciaccio v Germin, 138 AD2d 664, 665 [1988]);
and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
Plaintiff commenced this action alleging breach of contract and account stated to recover the
balance due for accounting services provided to defendant. After defendant failed to answer the
complaint, a default judgment was entered on October 4, 2016, awarding plaintiff the sum of
$11,599.18. Approximately a year later, defendant moved to vacate the default judgment
pursuant to CPLR 5015 (a) (1) and (3) and to extend the time to answer pursuant to CPLR 2004.
Plaintiff separately moved to compel two nonparty witnesses to comply with the subpoenas
served upon them respectively. By order dated January 2, 2018, the Civil Court granted plaintiff's
unopposed motion and denied defendant's motion.
To vacate the default judgment pursuant to CPLR 5015 (a) (1), defendant had to demonstrate
both a reasonable excuse for the default and a potentially meritorious defense to the action
(see Shy v Shavin Corp., 174 AD3d 936, 937 [2019]; Hamilton Pub. Relations v
Scientivity, LLC, 129 AD3d 1025, 1025 [2015]). The determination of what constitutes a
reasonable excuse for a default lies within the sound discretion of the motion court, and will not
be disturbed if the record supports the determination (see Arroyo v Starrett City, Inc., 170
AD3d 929, 930 [2019]; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614
[2015]). "Although a [*2]court has discretion to accept law office
failure as a reasonable excuse, a pattern of willful default and neglect should not be excused"
(Millard v Wyche, 164 AD3d 778, 780 [2018] [internal quotation marks, brackets and
citations omitted]; see Wright v City of Poughkeepsie, 136 AD3d 809, 809 [2016];
Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]). "Nor
is conduct that constitutes an intentional default or a default in bad faith excusable" (Gironda
v Katzen, 19 AD3d 644, 645 [2005]; see Britt v Buffalo Mun. Hous. Auth., 126
AD3d 1411, 1412 [2015]; Fok v Insurance Co. of N. Am., 151 AD2d 722, 722
[1989]).
Here, approximately one year after the invoices sent by plaintiff setting forth the amounts
owed for services rendered had admittedly been received by defendant, the summons and
complaint were personally served upon defendant. Defendant failed to answer the complaint,
after defendant's time to answer had been twice extended. Roughly seven months after this action
was commenced, the default judgment was entered. Defendant then waited about one year before
moving to vacate the default judgment. During that time, defendant repeatedly ignored notices
sent to it relating to the default judgment and failed to appear on the return date for a subpoena
served upon it. Defendant claimed, as an excuse for its default, that its attorney had health
problems that prevented the attorney from performing her duties as counsel and, in support
thereof, submitted a doctor's letter indicating that the attorney was under treatment for anemia
during a less-than-a-month period from May 17, 2016 to June 9, 2016. However, as the Civil
Court aptly noted, defendant failed to provide any evidence showing the attorney's inability to
work for the balance of the protracted delay. The court properly found that the record
demonstrates defendant's "ongoing tendency to ignore the issues raised herein for as long as
possible." Consequently, defendant's default was intentional and, therefore, inexcusable (see
Eretz Funding v Shalosh Assoc., 266 AD2d 184, 185 [1999]; Ayres v Power, 238
AD2d 753, 754 [1997]; Schneider v Grubart, 143 AD2d 182, 182 [1988]). Since
defendant failed to establish a reasonable excuse for its default in answering the complaint, it is
unnecessary to consider whether defendant demonstrated the existence of a potentially
meritorious defense (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887
[2019]; New Century Mtge. Corp. v Adeyan-Ju, 139 AD3d 683, 684 [2016]).
Defendant was likewise not entitled to vacatur of the default judgment under CPLR 5015 (a)
(3), as defendant failed to show that plaintiff had procured the default judgment by fraud,
misrepresentation or other misconduct (see Chase Home Fin., LLC v Quinn, 101 AD3d
793, 793 [2012]; Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc., 27 AD3d
608, 609 [2006]). Nor was defendant entitled to vacatur of the default judgment in the interests of
justice. " 'In addition to the grounds set forth in section 5015 (a), a court may vacate its own
judgment for sufficient reason and in the interests of substantial justice' " (Cox v
Marshall, 161 AD3d 1140, 1141 [2018], quoting Woodson v Mendon Leasing Corp.,
100 NY2d 62, 68 [2003]). "This discretion is reserved for unique or unusual circumstances that
warrant such action" (Cox v Marshall, 161 AD3d at 1142 [internal quotation marks and
citation omitted]; see Katz v Marra, 74 AD3d 888, 891 [2010]). The circumstances
involved in this case were not unique or unusual and, thus, did not warrant the invocation of a
court's inherent power to vacate its own orders in the interests of substantial justice (see Cox
v Marshall, 161 AD3d at 1142; Kleynerman v MJGC Home Care, 153 AD3d 1246,
1247 [2017]). Therefore, the Civil Court did not improvidently exercise its discretion in denying
defendant's motion to vacate the default judgment.
Defendant does not specifically challenge, on appeal, the part of the Civil Court's order
which denied the branch of defendant's motion seeking to extend the time to answer pursuant to
CPLR 2004, beyond seeking to vacate the default judgment (see Matter of Astoria Landing,
Inc. v New York City Envtl. Control Bd., 148 AD3d 1141, 1143 [2017]; Iatauro v St.
John's Univ., 295 AD2d 478, 744 [2002]). In any event, any arguments regarding the court's
denial of the motion to extend the time to answer have been rendered academic.
Accordingly, the order, insofar as reviewed, is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020