Smalls v Eichner (2020 NY Slip Op 51271(U))

[*1]

Smalls v Eichner

2020 NY Slip Op 51271(U) [69 Misc 3d 134(A)]

Decided on October 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570141/20

Irene Smalls, Plaintiff-Appellant,
against
Ian Eichner, T Park Central LLC, and O Park Central LLC,
Defendants-Respondents.

Plaintiff appeals from a judgment of the Civil Court of the City of New York, New York
County (Sabrina B. Kraus, J.), entered on or about January 3, 2020, after a nonjury trial, in favor
of defendants dismissing the complaint.

Per Curiam.
Judgment (Sabrina B. Kraus, J.), entered on or about January 3, 2020, affirmed, with $25
costs.
In reviewing a judgment from a bench trial, the decision of the fact-finding court should not
be disturbed on appeal unless it is obvious that the court's conclusions could not be reached
under any fair interpretation of the evidence, especially when the findings of fact rest in large
measure on considerations relating to the credibility of witnesses (see Claridge Gardens v
Menotti, 160 AD2d 544 [1990]). Applying that standard here, the court's dismissal after trial
of plaintiff's complaint should not be disturbed. A fair interpretation of the evidence supports the
court's determination that plaintiff failed to promptly seek rescission of the 2002 purchase
agreement for a time share in the "The Manhattan Club" after her discovery of certain fraudulent
misrepresentations made by defendants (see Robinson v Day, 103 AD3d 584, 585
[2013][a party seeking to rescind a contract on the ground that the other party fraudulently
induced her to enter into it, must do so "promptly upon the discovery of the fraud"]). The
evidence showed, and the court expressly found, that "by her own admission, plaintiff discovered
the 'fraud' in 2014" but "waited an additional four years to commence the action" in 2018. Since
plaintiff's delay of four years in seeking rescission was "manifestly untimely" (Ballow Brasted
O'Brien & Rusin P.C. v Logan, 435 F3d 235, 239 [2nd Cir 2006]; see R & A
Food Servs. v Halmar Equities, 278 AD2d 398 [2000]), the complaint was properly
dismissed.
In reaching our conclusion, we note that the court's determination was clearly based upon the
well-settled principle that an action for rescission must be promptly maintained and was not
[*2]based upon a finding that the action was time-barred under
the statute of limitations.
We have considered the parties' remaining requests for affirmative relief, including
defendants-respondents' argument that costs should have been imposed against plaintiff-appellant
pursuant to 22 NYCRR part 130, and find them to be without merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2020